UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10943-GAO

HOFF'S KITCHEN CO., INC.,
Plaintiff,

v.

ARMOR METAL GROUP MASON, INC.,
Defendant.

OPINION AND ORDER
November 18, 2011

O'TOOLE, D.J.

The plaintiff, Hoff's Kitchen Co., Inc. ("Hoff's") brought suit against Armor Metal Group Mason, Inc. ("Armor"), for breach of contract regarding the manufacture of a commercial pan washer. Armor has moved to transfer this case to the United States District Court for the Southern District of Ohio, Western Division at Cincinnati.

This action arises out of a contract between the two parties executed on May 27, 2009 for a customized pan washer for the daily cleaning of Hoff's nearly 10,000 baking pans. The complaint alleges that the washer was delivered from Armor's manufacturing facility in Mason, Ohio to Hoff's in October 2009. At the time, Hoff's paid 80% of the purchase price to Armor. After delivery, Hoff's complained that the washer did not conform to the specification of the contract. The contract specified that the washer would operate at a speed of 12.5 feet per minute (FPM) and use a chemical detergent solution of .75% to clean the pans. The washer is currently being run at 4 FPM with a 1% cleaning solution. Hoff's has not paid Armor the balance of the contract price.

Armor filed suit against Hoff's in the Warren County (Ohio) Court of Common Pleas, seeking recovery of the unpaid balance. Thereafter, Hoff's filed the present action for breach of contract, alleging that Armor failed to design, construct, and deliver the pan washer in compliance with the contract terms.

Under 28 U.S.C. § 1404(a), the District Court has discretion to transfer cases "to any other district or division where it might have been brought." In this case, there is no dispute that this case might have been brought in the Southern District of Ohio; rather, the dispute here centers around whether the convenience of the parties and witnesses, access to evidence, and the interests of justice support transfer.

Courts may consider multiple factors in determining the suitability of transfer. Such factors include the plaintiff's choice of forum, the convenience of parties and witnesses, the availability of documents and evidence, and the possibility of consolidation with other actions. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). There is a strong presumption in favor of the plaintiff's choice of forum. Thus the burden of proof rests with the defendant. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

It is necessary to afford the plaintiff's choice of forum significant weight. Astro-Med v. Nihon Kohden America, Inc., 591 F.3d 1, 13 (1st Cir. 2009). As the plaintiff argues, the bakery and the pan washer are located in Massachusetts and currently operating in Massachusetts. The washer weighs over a thousand pounds and is 20' long. To the extent its physical examination is necessary to the action, say for expert testimony, that will likely have to occur here.

The defendant argues principally that the contract was accepted and approved in Ohio, and the witnesses and documents relating to the design, engineering, and fabrication of the

washer are in Ohio. Although these factors are not insignificant, they are not dispositive. The plaintiff's employees with experience with the operation of the washer are in this District.

In a diversity case, some inconvenience is inevitable on one side or the other. The plaintiff chose this district to litigate the case, and the essential piece of evidence is located here. These facts persuade me that the case should proceed in this District.

For the foregoing reasons, defendant's Motion (dkt. no. 6) to Transfer is DENIED.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
United States District Judge